UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO POIPAO, et al., | No. 2:23-cv-01265-CKD |
| Plaintiffs, | ORDER |
| v. | |
| COUNTY OF EL DORADO, | |
| Defendant. | |

Plaintiffs Antonio and Linda Poipao sue defendant El Dorado County through 42 U.S.C. § 1983 for federal takings and state tort violations. (ECF No. 8.) The alleged violations arise from the county's discharging airport stormwater onto plaintiffs' downhill property, which resulted in a landslide that destroyed plaintiffs' home, without just compensation. (Id. at ¶¶ 15-33).[1]

Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs have not adequately alleged municipal liability for the alleged takings.[2] (ECF No. 10.) For the reasons discussed below, the court DENIES defendant's motion.

/////

---

[1] This case has been reassigned solely to the undersigned as both parties have consented to magistrate judge jurisdiction for all purposes. (ECF Nos. 16, 17, 19.)

[2] The parties appeared for a hearing on defendant's motion on November 1, 2023 via Zoom. Attorneys John L. Boze and Brittany Rupley appeared for plaintiffs Antonio and Linda Poipao; attorney Joe Little appeared on behalf of defendant.

1

I.      Factual and Procedural Background

Plaintiffs own property in El Dorado County, California. (ECF No. 8 at ¶¶ 3-4.) Their property sits downhill from the Placerville Airport in the Sierra Nevada foothills. (Id. at ¶¶ 3-6, 9.) The airport is owned and operated by defendant El Dorado County. (Id. at ¶ 4.)

Around 2007, the county began building additional airport hangars to increase airport operations and revenue. (Id. at ¶ 8.) As part of the construction process, the county replaced an existing drainage pond with an 18-inch diameter drainage pipe. (Id. at ¶ 9.) The pipe ran from the northeast section of the graded (i.e., leveled) portion of the airport to an area southeast of the runway and emptying into a makeshift "Vee" ditch along the ridgeline above plaintiffs' property. (Id.) Plaintiffs allege that these development decisions were made despite conflicting with county policies seeking to mitigate stormwater runoff. (See id. at ¶¶ 11-13, citing 1995 County Drainage Manual.) The "Vee" ditches meant to collect runoff were inadequate to collect the water from the drainage pipes, and water flowed directly onto plaintiffs' property below. (Id. at ¶ 9.)

Although plaintiffs were unaware that the county had diverted water on to their property, neighboring property owners informed the county that airport stormwater was draining onto their property causing erosion and subsidence. (Id. at ¶¶ 14, 16.) Notice that the airport's stormwater runoff was causing erosion to downhill property owners was documented in emails dated June 2022, between an El Dorado County Official and the U.S. Department of Agriculture. (Id. at ¶ 29.) An airport official also informed the county of stormwater runoff concerns. (Id.) Despite having been informed of the water damage to downhill property owners, the county did nothing to remedy the runoff. (Id. at ¶ 30.) Nor did they provide compensation to plaintiffs. (Id. at ¶ 31.)

On December 31, 2022, plaintiffs' residence was severely damaged in a landslide. (Id. at ¶ 15.) Plaintiffs allege the landslide, and resulting damage to their home, was substantially caused by the diversion of stormwater through the drainage pipe installed by the county. (Id.) The county failed to provide plaintiffs any compensation. (Id. at ¶ 31.) After filing claims with the El Dorado County Clerk's Office, (id. at ¶¶ 22-23) plaintiffs filed the instant action with this court on June 29, 2023, alleging violations of the Takings Clause. (ECF No. 1.)

/////

2

II.     Legal Standard

A complaint may be dismissed because of the plaintiffs' "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

III.    Analysis

Under 42 U.S.C. § 1983, any person who, "under color of" state law, subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." Here, plaintiffs allege defendant violated the Takings Clause. (ECF No. 8 at 8.) "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." Knick v. Township of Scott, Pa., 139 S. Ct. 2162, 2167 (2019). Here, plaintiffs allege a takings violation, as they allege the county continuously discharged stormwater onto their property, which resulted in a landslide that damaged their property, without just compensation. (ECF No. 8 at ¶¶ 15-33).

Municipalities may be held liable for claims under 42 U.S.C. § 1983. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). To establish municipal liability under Monell, a plaintiff must allege constitutional injuries caused by the municipality's policy or custom. Id. at 694. Monell liability can derive either from affirmative governmental action or omissions that lead government employees to cause constitutional injuries. Tsao v. Desert

3

Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012).  Here, plaintiffs allege the county's omission (i.e., failing to prevent and failing to address their airport's stormwater runoff despite ample notice) resulted in a constitutional injury (i.e., taking of plaintiff's property via inverse condemnation without just compensation).

Allegations of Monell liability survive a Rule 12(b)(6) motion where they

> (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur.

Young v. City of Visalia, 687 F.Supp.2d 1155, 1163 (E.D. Cal. 2010).

Plaintiffs' complaint meets this standard.  First, plaintiffs have identified a challenged policy/custom; i.e., the county's continuous use of plaintiffs' property to drain stormwater from the airport, and subsequent failure to mitigate stormwater runoff.  (ECF No. 8 at ¶¶ 9-10.)  Second, plaintiffs allege how the policy/custom is deficient: the stormwater runoff eroded the hillside and caused a landslide that damaged plaintiffs' property and the county never provided just compensation.  (Id. at ¶¶ 15, 30-31.)  Third, the complaint alleges how the policy/custom caused plaintiffs' harm: the stormwater was a substantial factor in causing a landslide that destroyed plaintiffs' property.  (Id. at ¶ 15.)  Fourth, the complaint reflects deliberate indifference by the county.  Per the 1995 Drainage Manual, the county was aware of the need to protect property from floodwater damage and had adopted policies in furtherance of that end.[3]  (Id. at ¶¶ 11-13.)  Numerous complaints were made to the county concerning stormwater runoff and erosion, including by the U.S. Department of Agriculture, neighbors, and the airport itself.  (Id. at ¶ 29).  Airport personnel notified the county via a written memorandum of issues with stormwater being discharged from the airport to the adjoining landowners' parcels.  (Id.) Engineers from the U.S. Department of Agriculture's National Resource Conversation Service informed the county

---

[3] Defendant argues plaintiffs have not alleged a Monell claim because failing to comply with the 1995 Drainage Manual is not a policy violation under Monell. (ECF No. 10-1 at 12.) However, defendant mischaracterizes plaintiffs' argument. The policy or custom of omission alleged is the county's policy/custom of failing to address their airport's stormwater runoff.

of erosion to downhill landowners from the county. (Id.)  Further, county officials were informed by another downhill property owner of water being discharged. (Id.)  Still, the county did nothing to remedy the runoff and failed to compensate plaintiffs. (Id. at ¶ 30.)  The court infers from these facts that it was obvious that erosion and the subsequent damage would result from the county's failure to mitigate stormwater runoff and that, without just compensation, a takings would occur.  Nothing more is required under Monell.  See Young, 687 F. Supp. 2d at, 1163.  Therefore, defendant's motion, ECF No. 10, is DENIED.

    IT IS SO ORDERED.

Dated:  November 3, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,poip.1265