1  Brittany Rupley (SBN 276208)
   **PORTER LAW GROUP, INC.**
2  11335 Gold Express Drive, Suite 100
   Gold River, California 95670
3  Telephone: 916-381-7868
4  Facsimile: 916-381-7880
   Email: brupley@porterlaw.com
5
6  John L. Boze (SBN 191846)
   **LAW OFFICE OF JOHN L. BOZE**
7  A Professional Law Corporation
   400 Capitol Mall, Suite 1850
8  Sacramento, California 95814
   Telephone: (916) 822-8700
9  Facsimile: (916) 737-5658
   Email: john@bozelaw.net
10 **Attorneys for Plaintiffs**
11 **ANTONIO POIPAO AND**
   **LINDA POIPAO**
12
13 Andrew T. Caulfield (SBN 238300)
   Joe Little (SBN 322179)
14 **CAULFIELD LAW FIRM**
   1101 Investment Blvd., Suite120
15 El Dorado Hills, CA 95762
   Tel: (916) 933-3200
16 Fax: (916) 605-4075
   Andrew@caulfieldlawfirm.com
17 Joe@caulfieldlawfirm.com
   **Attorneys for Defendant**
18 **COUNTY OF EL DORADO**
19
20                  UNITED STATES DISTRICT COURT
21                  EASTERN DISTRICT OF CALIFORNIA

22 | ANTONIO POIPAO and LINDA POIPAO, | **CASE NO. 2:23-cv-01265-CKD** |
23 | Plaintiffs, | |
24 | vs. | **STIPULATED REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER;** |
25 | | **[~~PROPOSED~~ ORDER]** |
26 | COUNTY OF EL DORADO, | |
27 | Defendant. | |
28

**STIPULATED REQUEST TO MODIFY PRETRIAL SCHEDULING ORDER; [~~PROPOSED~~ ORDER]**

Pursuant to Local Rule 143 and Federal Rule of Civil Procedure (FRCP) 16(b)(4), Plaintiffs, ANTONIO POIPAO and LINDA POIPAO (hereinafter Plaintiffs), and Defendant, COUNTY OF EL DORADO (hereinafter Defendant) (collectively "Parties") by and through the undersigned counsel, hereby stipulate and request this Court to issue an Order to modify the Initial Pretrial Scheduling Order (ECF No. 27) (hereinafter "Initial Pretrial Scheduling Order" or "Pretrial Order") for case 2:23-cv-01265-CKD, by extending the dates for discovery and related deadlines by approximately one-hundred and eighty (180) days from the dates given in the Pretrial Order.

FRCP 16(b)(4) allows a court to modify a scheduling order upon a showing of "good cause." According to the Ninth Circuit Court, the "good cause" standard required is primarily concerned with the diligence taken by the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A court may modify the scheduling order should the given deadlines not be reasonably able to be met, despite diligent efforts. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. CA 1999).

Here, both the Plaintiffs and the Defendant seek to amend the pretrial order. The Parties have been diligent in seeking discovery. For instance, a site visit to the property in question has already been accomplished. Initial disclosures have been exchanged, and two sets of written discovery have been exchanged. Despite this, the Parties require additional time to complete discovery. Indeed, in response to Plaintiffs' Requests for Production of Documents, Defendant has produced over 14,000 pages of documents to Plaintiffs (with another 15 banker boxes expected to be added thereto, which need to be viewed in-person), and Plaintiffs' counsel requires additional time to review these documents, some of which are believed to date back to the 1960s, and provide them to the experts for further analysis, and to identify witnesses for deposition(s). Furthermore, the Parties are currently meeting and conferring on the adequacy of served discovery responses, and have agreed to continue working through those issues, but will require more time to do so. Furthermore, because the nature of this case is one for alleged inverse condemnation arising from a mudslide following significant rainfall, Plaintiffs have been awaiting the rainy season(s) in order to collect real-time data relative to rainfall/drainage, and its effect on the real properties in question.

Under the current Pretrial Order, the non-expert discovery cut off is January 10, 2025. This gives the Parties less than three months to finish non-expert discovery, where thousands of pages of documents have been produced and still need to be reviewed, where depositions have not yet been scheduled, and not all percipient witnesses have been identified. Despite diligent efforts by the Parties, the remainder of time left open for discovery under the Pretrial Order is not sufficient to allow the Parties to complete significant, remaining discovery in this case and attempts to informally resolve their disagreements about the substance of discovery responses that are still at issue. Therefore, an extension of the discovery deadline is warranted.

Since this Stipulated Request to Modify the Pretrial Order is supported by good cause, the parties hereby respectfully request that this Court modify the Pretrial Order by extending the fact and expert discovery deadlines in its Pretrial Order approximately 180 days from the dates given in the Pretrial Order. This would result in the following new deadlines:

Non-Expert Discovery: July 14, 2025

Expert Disclosures: July 1, 2025

Rebuttal Expert Disclosures: August 15, 2025

Expert Discovery: September 12, 2025

Law and Motion (except discovery): November 28, 2025

All other deadlines in the Pretrial Order remain unchanged.

Dated: October, 29, 2024                                  **PORTER LAW GROUP, INC.**

                                                           By:   _____/s/_____
                                                                 Brittany Rupley
                                                                 Attorneys for Plaintiff
                                                                 ANTONIO POIPAO AND LINDA
                                                                 POIPAO

Dated: October 29, 2024              **CAULFIELD LAW FIRM**

_____/s/_____
Andrew T. Caulfield
Attorneys for Defendant
County of El Dorado

## ORDER

Pursuant to the Stipulation regarding the parties' request to modify the pretrial scheduling order, and good cause appearing, the Court approves the Stipulation and modifies the pretrial scheduling order (ECF No. 27) as follows:

- Non-expert discovery shall be completed by July 14, 2025;
- Any expert witnesses shall be disclosed by July 1, 2025;
- Any rebuttal expert disclosures shall be made by August 15, 2025;
- All expert discovery shall be completed by September 12, 2025;
- All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) by November 28, 2025; and
- All other deadlines in the pretrial scheduling order remain unchanged.

IT IS SO ORDERED.

Dated:  November 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, poip.1265.24